Matter of GVS Props. LLC v Vargas (2019 NY Slip Op 03549)





Matter of GVS Props. LLC v Vargas


2019 NY Slip Op 03549


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9237 570655/17 78285/15

[*1]In re GVS Properties LLC, Petitioner-Appellant,
v
Raybblin Vargas, et al., Respondents-Respondents.


Golino Law Group PLLC, New York (Santo Golino of counsel), for appellant.
Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (Jesse Gribben of counsel), for respondents.



Order, Appellate Term, First Department, entered April 2, 2018, which affirmed an order of Civil Court, New York County (Jean T. Schneider, J.), entered on or about August 2, 2017, after trial, dismissing the consolidated petitions, unanimously affirmed, without costs.
Nineteen nonpayment proceedings were joined for trial on respondent tenants' defense under Multiple Dwelling Law § 302 that no rent was due because the building lacked a valid certificate of occupancy (CO). Multiple Dwelling Law § 302(1)(b) prohibits the collection of rent during the period in which the dwelling lacks a valid CO under Multiple Dwelling Law § 301(1) (see Chazon, LLC v Maugenest, 19 NY3d 410, 415 [2012]). Petitioner's contention that Chazon is limited to Loft Law cases is belied by the Court's citation to Multiple Dwelling Law § 302(1)(b) (see id. ["the law's command is quite clear"]).
The trial court's conclusion that there was no valid CO for the building is supported by a fair interpretation of the evidence at trial. It was undisputed that several Environmental Control Board violations had been adjudicated after a hearing determining that the building's occupancy violated the Building Code and exceeded the use permitted by the September 22, 1970 CO. In addition, respondents' expert credibly testified that there were significant fire safety concerns at the building. Indeed, petitioner stipulated that only the A and B line apartments had access to two independent exits, and conceded that the Department of Buildings only lifted its vacate order as to one of the apartments on the condition that fire guards stand vigil against fire at the building. Petitioner landlord's evidence failed to rebut respondents' case or demonstrate that the September 22, 1970 CO fulfilled the requirements of Multiple Dwelling Law § 301(1) in light of the building's undisputed myriad violations of the CO.
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK