West 47th Holdings LLC, Petitioner-Landlord-Appellant, 
against
Liyah Eliyahu and Shachar Levit, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Kimon C. Thermos, J.), dated December 21, 2018, which granted tenants' motion for summary judgment dismissing the petition in a nonpayment summary proceeding.




Per Curiam. 
Order (Kimon C. Thermos, J.), dated December 21, 2018, affirmed, with $10 costs.
The motion court properly dismissed the nonpayment petition based upon tenants' defense under Multiple Dwelling Law § 302. The summary judgment record conclusively establishes that the building in question was constructed in approximately 1901 as an old-law tenement and that, in or about 2003, landlord's predecessor made alterations to the building by subdividing two of the apartments into four units, thereby increasing the number of apartments in the building from ten to twelve. In June 2018, the Department of Buildings issued a violation for "altered/changed building occupied w/o valid certificate of occupancy." 
Notwithstanding that the building was constructed prior to the requirement for obtaining a certificate of occupancy, landlord's subdivision of two apartments into four units constituted substantial alterations which require the building to have a certificate of occupancy (see Multiple Dwelling Law [MDL] § 301[1]; 208 Himrod St., LLC v Irizarry, 42 Misc 3d 145[A], 2014 NY Slip Op 50344[U] [App Term 2d Dept, 2nd, 11th & 13th Jud Dists 2014]). If a dwelling or structure is "occupied in whole or in part for human habitation in violation of [MDL § 301] ... [n]o rent shall be recovered by the owner of such premises ... and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of such rent" (MDL § 302[1][a][b]; see Chazon, LLC v Maugenest, 19 NY3d 410, 415 [2012]; Matter of GVS Props. LLC v Vargas, __ AD3d __, 2019 NY Slip Op 03549 [1st Dept 2019]; Matter of 49 Bleecker, Inc. v Gatien, 157 AD3d 619 [2018]). This is such a proceeding and it is barred, even [*2]if tenant's apartment was not one of the newly created apartments. "If that is an undesirable result, the problem is one to be addressed by the Legislature" (Chazon, 19 NY3d at 416).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 26, 2019